Filed 01/02/26

VERMONT SUPERIOR COURT
Chittenden Unit
175 Main Street
Burlington VT 05401
802-863-3467
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 25-CV-2724

|  |  |
|---|---|
| Linae Laible,<br>    Plaintiff<br><br>v.<br><br>Robert Bower, Exelon Corp., Hannaford<br>Bros. Co., LLC and The Essex Experience<br>Plaza and/or Eurowest Retail Partners, LP,<br>    Defendants | DECISION ON MOTION |

## RULING ON MOTION TO SEVER

This personal injury case involves two unrelated motor vehicle accidents Plaintiff Linae Laible alleges occurred in July 2022 ("Accident One") and January 2023 ("Accident Two"). The defendants named in Accident One have no relationship to the defendants named in Accident Two. The only common element between the two accidents is the identity of Plaintiff Laible. Pursuant to Rule 21 of the Vermont Rules of Civil Procedure, Defendants from Accident Two, The Essex Experience Plaza and Eurowest Retail Partners, LP, have moved to sever this action into two distinct cases, and Defendant Hannaford Bros. Co., LLC, also from Accident Two, was granted permission to join the motion to sever. The named defendants from Accident One have taken no position on this motion. Plaintiff opposes the motion, arguing that the injuries she suffered from the two accidents involve overlapping medical records, damages evidence, and expert proof, and that these overlaps in proof weigh against severance. Plaintiff Laible is represented by Michael J. Gannon, Esq. Defendants The Essex Experience Plaza and Eurowest Retail Partners, LP are represented by Richard Windish, Esq., and Hannaford Bros. Co., LLC is represented by Walter Judge, Esq. For the reasons discussed below, Defendants' motion to sever is GRANTED.[1]

## Factual Background

In her Complaint, Ms. Laible alleges that Accident One occurred as follows: On July 20, 2022, Robert Bower was operating a vehicle belonging to Exelon Corporation or Exelon Powerlabs LLC when he "caused a motor vehicle accident which caused harm and injuries to Plaintiff." As a result of the accident, Laible has incurred financial loss, pain and suffering, loss of enjoyment of life, fear, anxiety, and emotional distress. Laible then alleges Accident Two as a completely separate incident. On January 1, 2023, Laible was driving away from Hannaford

---

[1] In light of the Court's decision, Defendants' motion to strike Plaintiff's sur-reply is DENIED.

after purchasing groceries when her vehicle "hit a deep hole located in the lane of travel of the roadway" that was not visible because it was dark out and the hole was filled with water. Laible asserts that Defendants responsible for Accident Two owe a duty to business invitees, like her, including the requirement of repairing and mitigating dangerous conditions. The damages Laible claims resulting from Accident Two are the same as those resulting from Accident One: financial loss, pain and suffering, loss of enjoyment of life, fear, anxiety, and emotional distress.[2]

<u>Discussion</u>

Rule 21 addresses the misjoinder and nonjoinder of parties:

> Misjoinder of parties is not ground for dismissal of an action. Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just. Any claim against a party may be severed and proceeded with separately.

Vermont's Rules of Civil Procedure are modeled on the federal rules; as a result, Vermont courts "look to federal case law for guidance on the applicable standard" when interpreting or applying our rules of civil procedure. *Belter v. City of Burlington*, 2025 VT 35, ¶ 11 (citation omitted); *see* Fed. R. Civ. P. 21 (essentially same as Vermont rule for these purposes). Federal courts that have addressed severance under Rule 21 consider the following factors to determine if severance is appropriate:

> (1) whether the claims arise out of the same transaction or occurrence; (2) whether the claims present some common questions of law or fact; (3) whether settlement of the claims or judicial economy would be facilitated; (4) whether prejudice would be avoided if severance were granted; and (5) whether different witnesses and documentary proof are required for the separate claims.

*Dumont*, 2016 WL 11383918, at *2 (quoting *Oram v. SoulCycle LLC*, 979 F. Supp. 2d 498, 502-03 (S.D.N.Y. 2013)); *accord Anticancer, Inc. v. Pfizer Inc.*, No. 11CV107 JLS (RBB), 2012 WL 1019796, at *1 (S.D. Cal. Mar. 26, 2012) (quotation omitted); *In re Merrill Lynch & Co., Inc. Research Reports Sec. Litig.*, 214 F.R.D. 152, 154-55 (S.D.N.Y. 2003) (citation omitted). Only one factor need be present to justify severance. *Dumont*, 2016 WL 11383918, at *2. "The decision of whether to sever a claim is left to the discretion of the trial court." *Id.* (quotation omitted). The party moving for severance carries the burden to demonstrate that severance is necessary "to avoid prejudice or confusion and to promote the ends of justice." *Id.* at *3 (quotation omitted). A court "must balance the factors of benefit and prejudice to arrive at both a fair and equitable conclusion." *Id.* at *2 (quotation omitted).

Applying the factors set out above, the Court initially considers whether Accident One and Accident Two arise out of the same transaction or occurrence. The Vermont Supreme Court

---

[2] "When ruling on a motion to sever, courts must assume the truth of the allegations in the complaint." *Dumont v. Corr. Corp. of Am.*, No. 2:14-cv-209, 2016 WL 11383918, at *3 (D. Vt. Jan. 26, 2016) (quotation omitted), *report and recommendation adopted*, No. 2:14-CV-209, 2016 WL 3129163 (D. Vt. June 2, 2016).

has cited with approval cases holding that "[w]here multiple wrongs combine to produce a common injury, . . . the claims arise out of the 'same transaction' or 'occurrence' or a 'series of transactions or occurrences' and have a question of fact 'common to all defendants.'" *Breslauer v. Fayston Sch. Dist.*, 163 Vt. 416, 427-28, 659 A.2d 1129, 1136 (1995) (quotation omitted). In a more recent case addressing the doctrine of claim preclusion, the Supreme Court explained that two claims may be classified as being part of the same transaction where "the facts are related in time, space, origin, or motivation [and] they form a convenient trial unit." *Sutton v. Purzycki*, 2022 VT 56, ¶ 23, 217 Vt. 326 (quoting *Faulkner v. Caledonia Cnty. Fair Ass'n*, 2004 VT 123, ¶ 13, 178 Vt. 51); *see also Restatement (Second) of Judgments* § 24(2) (1982) ("What factual grouping constitutes a 'transaction', and what groupings constitute a 'series,' are to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage.").

Considering factors two and five, there is no dispute that the facts involved in the occurrence of Accident One have nothing in common with the facts of Accident Two, and that the witnesses to the accidents (other than Ms. Laible), if any, will not overlap. The accidents took place nearly six months apart and involve unrelated defendants. Indeed, Laible describes alleges the accidents as two separate and unrelated events. Laible argues that the two accidents "implicate overlapping injuries, medical records, treating providers, experts, and fact development." Opp. at 1. However, this does not weigh against severance by establishing that the facts concerning liability are "related in time, space, origin, or motivation" or "form a convenient trial unit." *Sutton*, 2022 VT 56, ¶ 23. Indeed, the Court notes that the Complaint fails to indicate the extent of Laible's injuries or suggest that any injuries she suffered from Accident Two exacerbated, or are related in any way to, any injuries she suffered from Accident One. Rather, Liable contends for the first time in her sur-reply, with no supporting affidavit, that Accident Two "aggravated or compounded injuries sustained in [Accident One], requiring intertwined medical proof, overlapping treatment records, and common expert testimony." Sur-reply at 2. But even assuming that Accident Two compounded injuries sustained in Accident One, Laible will be able to introduce evidence of a pre-existing condition or injury when addressing her damages from Accident Two. The fact that she may have to introduce the same medical records or expert testimony in two different cases does not render the two accidents "a series of transactions or occurrences" for purposes of determining whether the actions should be severed.

Further, as in *Stimson*, where the trial court exercised its discretion to deny plaintiff's motion to amend her complaint to add a second defendant because the claims against the two defendants were completely different (contract as opposed to tort), Ms. Laible's causes of action against the instant defendants are different. *See Stimson v. State Farm Fire & Cas. Co.*, No. 2:23-CV-581, 2024 WL 3565233, at *2 (D. Vt. July 29, 2024) (stating that the facts of the case "diverge . . . when the Court considers the causes of action being brought against" the two defendants). Laible's theory of liability against the Accident One Defendants appears to sound in ordinary negligence, whereas her theory of liability against the Accident Two Defendants seems to be based on premises liability and the duty owed to a business invitee. Therefore, proof of one cause of action does not affect, and should not influence, proof of the other. *See id.* (concluding that joinder "would not result in litigation involving the same transaction, occurrence, or series of transactions common to all defendants" (quotation omitted)).

Moreover, this case is distinguishable from *Breslauer*, 163 Vt. at 427, 659 A.2d at 1136, where plaintiff named several defendants that had allegedly engaged in different types of misconduct, but all of which culminated in a decision by two defendants not to hire plaintiff. The *Breslauer* Court explained that the trial court had discretion to allow all defendants to be joined together in one action because plaintiff suffered just one injury (the failure to be hired) and no specific injuries were attributed to individual defendants. *Id.* Here, by contrast, Laible suffered two discrete accidents that have no facts in common other than her. The fact that she may have had a pre-existing condition or injury when Accident Two occurred does not tie the two accidents together factually or sufficiently to justify trying two separate and unrelated accidents together.

Turning to factor four, Defendants from Accident Two argue that they could be prejudiced by having their case tried together with Accident One, "depending upon the liability issues and the nature of damages being claimed by Plaintiff in connection with Accident One." Mot. at 4. The Court agrees that the Accident Two Defendants should not be placed in the position of being held responsible for injuries Laible may have suffered from Accident One, which could occur if both accidents were tried as part of one action. Any inconvenience to Laible from being deposed more than once or from having to present similar, or the same, evidence when trying the second case does not overcome the potential prejudice to Defendants.

The parties do not address factor three, which asks whether settlement of the claims or judicial economy would be facilitated; therefore, the Court affords the factor no weight. However, the other four factors favor severance. Accordingly, the Court hereby concludes that Defendants from Accident Two were misjoined and should be severed from the case against Defendants from Accident One.

Order

For the foregoing reasons, Defendants' Motion to Sever (Mot. #2) is GRANTED. The Motion to Strike Sur-reply (Mot. #5) is DENIED.

Plaintiff's claims against the Accident Two Defendants (The Essex Experience Plaza, Eurowest Retail Partners, LP, and Hannaford Bros. Co., LLC) shall be severed and continued in a new, separate action. The Clerk shall create a new case number for the second action, and shall include in the record copies of the Complaint and all documents filed by the Accident Two parties, as well as the Court's orders and any notices pertaining to such parties. A copy of this decision shall be filed in both dockets.

Electronically signed on January 1, 2026 at 12:38 PM pursuant to V.R.E.F. 9(d).

Megan J. Shafritz
Superior Court Judge

4